**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHRISTINA L. MATTICOLA ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Civil Action No. 1:07CV00338 |
| ) | |
| DEPARTMENT OF THE AIR FORCE, ) | |
| ) | The Honorable |
| *Defendant.* ) | Judge Colleen Kollar-Kotelly |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
**AGAINST THE DEPARTMENT OF THE AIR FORCE**

Plaintiff, Christina L. Matticola, pursuant to Fed. R. Civ. P. 56 and LCvR 7, hereby moves for partial summary judgment on the issue of liability against Defendant, the Department of the Air Force. A Memorandum of Points and Authorities in Support of Plaintiff's Motion for Partial Summary Judgment against the Department of the Air Force, and a Statement of Material Facts are attached.

Plaintiff respectfully requests an oral hearing on this motion.

> Respectfully submitted,
>
> /s/ David P. Sheldon
>
> David P. Sheldon (446039)
> Law Offices of David P. Sheldon, PLLC
> Barracks Row
> 512 8th Street, S.E.
> Washington, D.C. 20003
> (202) 546-9575
>
> *Attorney for Plaintiff*

March 19, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTINA L. MATTICOLA )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>DEPARTMENT OF THE AIR FORCE, )<br>)<br>*Defendant.* ) | Civil Action No. 1:07CV00338<br><br>The Honorable<br>Judge Colleen Kollar-Kotelly |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST
THE DEPARTMENT OF THE AIR FORCE**

David P. Sheldon (446039)
Law Offices of David P. Sheldon, PLLC
Barracks Row
512 8th Street, S.E.
Washington, D.C. 20003
(202) 546-9575

*Attorney for Plaintiff*

March 19, 2007

## Table of Cases and Other Authorities

Supreme Court

*Anderson v. Liberty Lobby*, 477 U.S. 242 (1986) ...............................................................................2

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ...................................................................................2

Circuit Courts

*Opryland USA, Inc. v. Great American Music Show, Inc.*, 970 F.2d 847 (Fed. Cir. 1992).............2

*Henke v. U.S. Dep't. of Comm.*, 83 F.3d 1453 (D.C. Cir. 1996) .......................................................3

District Courts

*Fisher v. National Institutes of Health*, 934 F. Supp. 464 (D.D.C. 1996) .......................................3

Statutes

28 U.S.C. § 1331...................................................................................................................................1

5 U.S.C. § 552a................................................................................................................................1-3

Federal Register

58 FR 10002..........................................................................................................................................4

68 FR 31793..........................................................................................................................................4

68 FR 51998..........................................................................................................................................4

Rules of Procedure

Fed. R. Civ. P. 56(c) ............................................................................................................................3

### *Introduction*

Plaintiff, Christina L. Matticola, hereby submits this Memorandum of Points and Authorities and Statement of Material Facts in support of Plaintiff's Motion for Partial Summary Judgment. For the following reasons, the motion should be granted.

### *Statement of the Case*

Plaintiff filed suit invoking this Court's jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 552a(g)(1), which provides for redress in the District Courts based upon violations of the Privacy Act. Plaintiff now respectfully moves the Court for partial summary judgment on the issue of Defendant's liability.

### *Statement of Facts*

In September 2005, while living at Yokota Air Force Base in Yokota, Japan, Mrs. Matticola, the spouse of an enlisted service member, underwent certain medical tests for sexually transmitted diseases, which tests were administered by medical personnel at the United States Air Force Base Hospital.

Approximately two weeks later, Mrs. Matticola was informed of the test results and that those tests confirmed that she had tested positive for Chlamydia.

On March 18, 2006, Mrs. Matticola went to the Enlisted Club, located on the base, to socialize with her friends.

While at the Enlisted Club, Mrs. Matticola was involved in a contentious verbal altercation with SSgt Tori Wahln-Johnson, USAF, who was assigned to the United States Air Force Base hospital. The incident escalated to the point that SSgt Wahln-Johnson publicly and maliciously revealed that Mrs. Matticola had tested positive for this infection. Specifically, SSgt Wahln-Johnson

1

announced in front of service members and their dependents "it's not my fault you're a dirty slut and you have Chlamydia" or words to that effect.

SSgt Wahln-Johnson knew this information based upon medical records the Air Force maintained regarding the Plaintiff. SSgt Wahln-Johnson did not request Plaintiff's permission before disclosing the information. This disclosure of Mrs. Matticola's medical information had an adverse impact on her.

*Memorandum of Points and Authorities*

I.     **Standard of Review.**

Summary judgment shall be granted where the parties' submissions reveal "there is no genuine issue as to any material fact," and the moving party is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). The burden lies with the party seeking summary judgment to demonstrate that there are no genuine factual issues in dispute. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Evidence presented by the party opposing summary judgment "is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Anderson*, 477 U.S. at 255. The non-moving party need not put on its entire case, but must satisfy the court that its evidence demonstrates that "an evidentiary conflict [exists] as to the material fact[s] in dispute." *Opryland USA, Inc. v. Great American Music Show, Inc.*, 970 F.2d 847, 850 (Fed. Cir. 1992), *citing Armco, Inc. v. Cyclops Corp.*, 791 F.2d 147, 149 (Fed. Cir. 1986).

II.    **Privacy Act Claims.**

The Privacy Act, 5 U.S.C. § 552a, regulates executive agencies' disclosure of private, personal information, including medical records, to other governmental components and to the public. In

general, the Act provides that:

> No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains . . . .

5 U.S.C. § 552a(b). The Privacy Act authorizes private civil actions when an agency, *inter alia*, "fails to comply" with the terms of the Privacy Act "in such a way as to have an adverse effect on an individual." 5 U.S.C. 552a(g)(1)(D). If the agency "acted in a manner which was intentional or willful," the United States shall be liable to the individual. 5 U.S.C. 552a(g)(4).

Courts have held that a plaintiff states a *prima facie* Privacy Act case when he or she proves that the information in question: (1) is contained in a "record," (2) is maintained in a "system of records," (3) is retrievable by personal identifier, and (4) was improperly disclosed by the agency. *Henke v. U.S. Dep't. of Comm.*, 83 F.3d 1453, 1459-60 (D.C. Cir. 1996); *Fisher v. National Institutes of Health*, 934 F. Supp. 464, 468 (D.D.C. 1996), *summarily aff'd* No. 96-5252 (D.C. Cir. November 27, 1996). Once those four elements are established, a plaintiff is entitled to injunctive and declaratory relief. *Fisher*, 934 F. Supp. at 468. On an additional showing of "adverse effect" and "intentional and willful" agency conduct, a plaintiff can recover monetary damages. 5 U.S.C. § 552a(g)(1)(D), (g)(4); *Fisher*, 934 F. Supp. at 468.

### III. The Air Force Maintained Plaintiff's Records within a System of Records within the Meaning of the Privacy Act.

The Air Force maintained in 2005 a system of records of medical care provided at Air Force medical facilities for service members and their dependents. Called the "Medical Record System," it covered "persons treated in an Air Force medical facility," and was composed of "inpatient and outpatient records of care received in Air Force medical facilities." 58 FR 10002, 100468-10469. In

3

1997 the system identifier was changed, but effectively the same system has been maintained to the present.  68 FR 31793 (system identifier changed); 68 FR 51998, 52004-52005 (present system). The "Medical Record System" is used to "document, plan, and coordinate the health care of patients." 58 FR at 10468.  The source of material in the "Medical Record System" includes "physicians and other patient care providers such as nurses, dieticians, and physicians assistants." *Id.* at 10469.

Diagnosis and treatment information about Mrs. Matticola provided by the Air Force in the course of her treatment would have been maintained in the "Medical Record System." Indeed, copies of this information were obtained by Plaintiff through a Privacy Act/Freedom of Information Act request in 2006.

**IV.   SSgt Wahln-Johnson's Actions Were Willful and Intentional and Her Illegal Release of Information Had an Adverse Impact on Plaintiff.**

The information that SSgt Wahln-Johnson disclosed inside the Enlisted Club on March 18, 2006— that Mrs. Matticola had a sexually transmitted disease—was information contained within the Air Force's system of records.  SSgt Wahln-Johnson knew this information because she was assigned to the Medical Treatment Facility.

The Air Force is responsible for SSgt Wahln-Johnson's actions because both at the time that she obtained access to the medical information and at the time that she disclosed this information she was an active duty Air Force service member working at the military medical facility at Yokota, Japan.

SSgt Wahln-Johnson's disclosure of this information was intentional and willful.  In front of servicemembers and their dependents she maliciously said to Mrs. Matticola "it's not my fault you're a dirty slut and you have Chlamydia."

4

SSgt Wahln-Johnson did not reveal Mrs. Matticola's private medical information at the request of Plaintiff. The disclosure by SSgt Wahln-Johnson had an adverse impact on Mrs. Matticola.

To the extent that Plaintiff's MSJ is read as claiming harm justifying an award of damages, any language so read should be viewed as extraneous and unnecessary to the issue addressed therein. Plaintiff intends to prove that the wrongful disclosure harmed and damaged her through the presentation of evidence at trial, including expert, lay testimony and documentary evidence. Plaintiff does not claim that the issue of damages is ripe for summary judgment.

The issue of damages is independent of the issue of liability, and the issue of liability is properly addressed before the issue of damages.

*Conclusion*

The private, personal information in question was contained in a record, maintained by the Air Force in a system of records, retrievable by a personal identifier unique to Plaintiff, and improperly disclosed by the Air Force. The disclosure was: "intentional and willful," and Plaintiff suffered "adverse effect" from the disclosure.

For these reasons, Plaintiff respectfully requests that the Court enter partial summary judgment for Plaintiff against Defendant the Department of the Air Force on the issue of liability.

Respectfully submitted,

David P. Sheldon (446039)
Law Offices of David P. Sheldon
Barracks Row
512 8th Street, S.E.
Washington, D.C. 20003
(202) 546-9575

*Attorney for Plaintiff*

March 19, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTINA L. MATTICOLA )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>DEPARTMENT OF THE AIR FORCE, )<br>)<br>*Defendant*. ) | Civil Action No. 1:07CV00338<br><br>The Honorable<br>Judge Colleen Kollar-Kotelly |

**STATEMENT OF MATERIAL FACTS AS TO WHICH PLAINTIFF CONTENDS
THERE IS NO GENUINE ISSUE**

1. In 2005-2006, the Air Force maintained a system of records that included the medical records of persons treated at Air Force medical facilities. (68 FR 51998, 52004-52005; 68 FR 31793; 68 FR 51998, 52004-52005).

2. In September 2005, while living at Yokota Air Force Base in Yokota, Japan, Plaintiff, Christina L. Matticola, the spouse of an enlisted service member, underwent certain medical tests for sexually transmitted diseases, which were administered by medical personnel at the United States Air Force Base Hospital.

3. Approximately two weeks later, Mrs. Matticola was informed of the test results and that those tests confirmed that she had tested positive for a sexually transmitted disease, Chlamydia.

4. On March 18, 2006, Mrs. Matticola went to the Enlisted Club, located on the base, to socialize with her friends.

5. While at the Enlisted Club, Mrs. Matticola was involved in a contentious verbal altercation with SSgt Tori Wahln-Johnson, USAF, who was assigned to the United States Air Force Base hospital. The incident escalated to the point that SSgt Wahln-Johnson publicly and maliciously revealed that Mrs. Matticola had tested positive for this infection. Specifically, SSgt Wahln-Johnson

announced "it's not my fault you're a dirty slut and you have Chlamydia" or words to that effect.

6. SSgt Wahln-Johnson knew this information based upon medical records the Air Force maintained regarding the Plaintiff.

7. SSgt Wahln-Johnson did not request Plaintiff's permission before disclosing the information.

8. This disclosure of Mrs. Matticola's medical information had an adverse impact on her.

Respectfully submitted,

David P. Sheldon (446039)
Law Offices of David P. Sheldon, PLLC
Barracks Row
512 8th Street, S.E.
Washington, D.C. 20003
(202) 546-9575

*Attorney for Plaintiff*

March 19, 2007