UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CHRISTINA L. MATTICOLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-0338 (CKK) |
| | ) | |
| DEPARTMENT OF THE AIR FORCE, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO STRIKE, IN PART,
THE PLAINTIFF'S DECLARATION**

The Defendant, Department of the Air Force, by and through undersigned counsel, hereby moves, pursuant to Fed. R. Civ. P. 12(f) and 56(e), to strike, in part, the Plaintiff's declaration submitted with her Reply to the Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment, and Response to Defendant's Alternative Motion for a Continuance of Briefing Schedule.[1]  A memorandum of points and authorities is attached hereto.

                                        Respectfully submitted,

                                        /s/_____
                                        JEFFREY A. TAYLOR, D.C. Bar #498610
                                        UNITED STATES ATTORNEY

                                        /s/_____
                                        RUDOLPH CONTRERAS, D.C. Bar #434122
                                        Assistant United States Attorney

---

[1] Although this is part of the Defendant's opposition to the Plaintiff's motion for partial summary judgment, the Defendant's counsel consulted with the Plaintiff's counsel pursuant to Local Civil Rule 7(m), and the Defendant hereby advises the Court that the Plaintiff opposes this motion.

      /s/_____
JUDITH A. KIDWELL
Assistant United States Attorney
555 4th Street, N.W., Room E4905
Washington, D.C. 20530
(202) 514-7250

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTINA L. MATTICOLA, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-0338 (CKK) |
| DEPARTMENT OF THE AIR FORCE, | ) |
| Defendant. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO STRIKE, IN PART, THE PLAINTIFF'S DECLARATION**

**I. Legal Standards of Review**

**A.      Motion to Strike**

"Pursuant to Federal Rule of Civil Procedure 12(f), a court may strike a pleading, or portions thereof, for insufficiency, redundancy, immateriality, impertinence or scandalousness." *Judicial Watch, Inc. v. United States Department of Commerce*, 224 F.R.D. 261, 263 (D.D.C. 2004) (citing Fed. R. Civ. P. 12(f)). "It is settled in this jurisdiction that the term 'pleading' for the purposes of Rule 12(f) includes affidavits and declarations filed in support of technical pleadings because Rule 12(f) is the only viable method for attacking materiality and pertinence defects in such documents." *Judicial Watch, Inc. v. United States Department of Commerce*, 224 F.R.D. at 263 (citing *Larouche v. Dep't of the Treasury*, 2000 WL 805214, at 13-14 (D.D.C. 2000) (citing *Humane Soc'y of the United States v. Babbitt*, 46 F.3d 93, 97 n. 5 (D.C. Cir. 1995) (internal citation omitted)). "An affidavit, or portions thereof, may also be stricken for failing to satisfy the requirements of Federal Rule of Civil Procedure 56(e)." *Id*.

B.     **Federal Rule of Civil Procedure 56(e)**

Rule 56(e) of the Federal Rules of Civil Procedure provides that:

> Supporting and opposing affidavits shall be made on *personal knowledge*, shall set forth such facts as would be *admissible in evidence*, and shall show affirmatively that the affiant is *competent to testify* to the matters stated therein.

(emphasis added). "As is true of other material introduced on a summary judgment motion, uncertified or otherwise inadmissible documents may be considered by the court if not challenged. The objection must be timely or it will be deemed waived." *Catrett v. Johns-Manville Sales Corporation*, *et al.*, 826 F.2d 33, 38 (D.C. Cir. 1987). Defects under Fed. R. Civ. P. 56(e) are waived if a motion to strike is not filed. *See Galvin v. Eil Lilly and Co.*, 2005 WL 3272142 (D.D.C. 2005) (citing *Humane Soc'y of the United States v. Babbitt*, 46 F.3d at 96 n. 5; *DeCintio v. Westchester County Med. Ctr*., 821 F.2d 111, 114 (2d Cir. 1987).

## II. The Plaintiff's Declaration Should Be Struck, In Part

The Plaintiff has submitted a declaration,[1] in which she declares that "SSg Waln-Johnson knew this information based upon medical records the Air Force maintained regarding me." *See* Declaration of Christina L. Matticola, Plaintiff's Exhibit 1 to Reply. However, the Plaintiff is not competent to make this statement nor could she testify to this matter at trial, because the information concerning another individual's knowledge is not within the Plaintiff's personal knowledge. Moreover, "[a]n affidavit based merely on information and belief is unacceptable." *See Londrigan v. Federal Bureau of Investigation*, 670 F.2d 1164, 1174 (D.C. Cir. 1981)

---

[1] The Declaration is Exhibit 1 to the Plaintiff's "*Reply to the Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment, and Response to Defendant's Alternative Motion for a Continuance of Briefing Schedule*" (hereafter "Reply").

2

(holding that Fed. R. Civ. P. 56(e)'s requirement that affidavits be based on the personal knowledge of the affiant is unequivocal) (citing C. Wright & A. Miller, *Federal Practice* § 2738 (1973); J. Moore & J. Wicker, *Federal Practice* ¶ 56.22(1) (1980)).

The Plaintiff cannot simply negate a genuine issue of a material fact by just declaring a fact to be true. Particularly a fact which the Plaintiff has the burden to prove under the Privacy Act. Accordingly, paragraph 5 of the Plaintiff's declaration should be struck.

### Conclusion

For the foregoing reasons, the Defendant respectfully moves to strike, in part, the Plaintiff's declaration.

Respectfully submitted,

_/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
UNITED STATES ATTORNEY

_/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

_/s/_____
JUDITH A. KIDWELL
Assistant United States Attorney
555 4th Street, N.W., Room E4905
Washington, D.C. 20530
(202) 514-7250