**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CHRISTINA L. MATTICOLA, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No.:07-00338 |
| | ) | |
| DEP'T OF THE AIR FORCE, | ) | |
| | ) | The Honorable |
| *Defendant*. | ) | Judge Colleen Kollar-Kotelly |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**

Paragraph 5 of Plaintiff's Declaration is a conclusory sentence and, thus, could have been delineated more carefully. That does not mean, however, that it should be stricken. Based on Plaintiff's personal knowledge, her statement is correct. Inherent in this statement are the facts that Plaintiff never personally told Staff Sergeant (SSGT) Troi Waln-Johnson of the subject information. Moreover, SSGT Waln-Johnson in her unsworn letters, which fail to comply with Rule 56(e) but which the government attempts to use to support its opposition, never delineates how she learned of the subject information.

Plaintiff did reveal the subject information to medical personnel at the United States Air Force Base Hospital at Yokota, Japan, in the course of her necessary testing and treatment. SSGT Waln-Johnson worked at the base hospital and so had access to information regarding Plaintiff's medical history and condition, including the private information, via both Plaintiffs' medical records and via SSGT Waln-Johnson's contact with other hospital personnel who were made aware of Plaintiff's condition in the course of her testing and treatment.

1

Indeed, the very person to whom Ms. Matticola told of her condition in the course of her treatment at the hospital, SSGT Leyla B. Gillett, USAF, was sitting next to SSGT Waln-Johnson at the Base Club on the very night when SSGT Waln-Johnson illegally disclosed the information to a number of individuals at the Club. Was this merely a coincidence? It is not clear, but what is clear is that Ms. Matticola did not authorize anyone, including SSGT Waln-Johnson, to disclose this sensitive information in violation of the Privacy Act. The affidavit should stand.

Respectfully submitted,

David P. Sheldon (446039)
Law Offices of David P. Sheldon, PLLC
Barracks Row
512 8th Street, S.E.
Washington, D.C. 20003
(202) 546-9575

*Attorney for Plaintiff*

June 29, 2007

2