UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTINA L. MATTICOLA, ) | |
| ) | |
| *Plaintiff*, ) | Civil Action No. 07-0338 |
| ) | |
| v. ) | |
| ) | The Honorable |
| DEPARTMENT OF THE AIR FORCE, ) | Colleen Kollar-Kotelly |
| ) | |
| *Defendant*. ) | |
| ) | |

### PLAINTIFF'S MOTION TO STRIKE
### EXHIBITS A & B TO LITTLE DECLARATION

Plaintiff Christina L. Matticola, by and through undersigned counsel, hereby moves pursuant to Fed. R. Cvi. P. 12(f) and 56(e), to strike the two unsworn statements of SSgt Troi L. Waln-Johnson ["Waln-Johnson Statements"] attached as Exhibit A and Exhibit B to the Declaration of Captain Kyle W. Little ["Little Declaration"], submitted with Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment.

A memorandum of points and authorities is attached hereto.

Plaintiff's counsel has consulted with Defendant's counsel pursuant to Local Civil Rule 7(m), and Plaintiff hereby advises the Court that Defendant opposes this motion.[1]

---

[1] The Affidavit of Leyla B. Gillett submitted with Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment should also be stricken, for failure to comply with 28 U.S.C. § 1746(1). However, Defendant's counsel has indicated that a revised affidavit will be provided that satisfies the requirements of 28 U.S.C. § 1746(1).

Respectfully submitted,

*David P. Sheldon* (signature)

David P. Sheldon (446039)
Law Offices of David P. Sheldon, PLLC
Barracks Row
512 8th Street, S.E.
Washington, DC 20003
(202) 546-9575

*Attorney for Plaintiff*

June 29, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTINA L. MATTICOLA,    ) | |
| ) | |
| *Plaintiff*,    ) | Civil Action No. 07-0338 |
| ) | |
| v.    ) | |
| ) | The Honorable |
| DEPARTMENT OF THE AIR FORCE,    ) | Colleen Kollar-Kotelly |
| ) | |
| *Defendant*.    ) | |
| _____) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION TO STRIKE EXHIBITS A & B TO LITTLE DECLARATION**

*Standard of Review*

"Pursuant to Federal Rule of Civil Procedure 12(f), a court may strike a pleading, or portions thereof, for insufficiency, redundancy, immateriality, impertinence or scandalousness." *Judicial Watch, Inc. v. United States Department of Commerce*, 224 F.R.D. 261, 263 (D.D.C. 2004) (citing Fed. R. Civ. P. 12(f)). A court may strike such matter upon a motion to strike made by a party or upon the court's own initiative.[1] Fed. R. Civ. P. 12(f). "It is settled in this jurisdiction that the term 'pleading' for the purposes of Rule 12(f) includes affidavits and declarations filed in support of technical pleadings because Rule 12(f) is the only viable method for attacking materiality and pertinence defects in such documents." *Judicial Watch, Inc.*, 224 F.R.D. at 263 (citing *Larouche v. Dep't of the Treasury*, 2000 WL 805214, at 13-14 (D.D.C. 2000) (citing *Humane Soc'y of the United States v. Babbitt*, 46 F.3d 93, 97 n. 5 (D.C. Cir. 1995) (internal citation omitted)). "An affidavit, or portions thereof, may also be stricken for failing to

---

[1] Plaintiff concedes that this motion to strike is untimely under Fed. R. Civ. P. 12(f), but nonetheless requests that this Court consider this motion on its merits. In the alternative, Plaintiff requests that this Court consider striking the matter on its own initiative as allowed under Fed. R. Civ. P. 12(f).

satisfy the requirements of Federal Rule of Civil Procedure 56(e)." *Id.*

Rule 56(e) of the Federal Rules of Civil Procedure provides that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

### *Argument*

The documents which are the subject of this Motion to Strike are two unsworn statements of SSG Troi L. Waln-Johnson ["Waln-Johnson Statements"], attached as Exhibit A and Exhibit B to the Declaration of Captain Kyle W. Little ["Little Declaration"] which were submitted with Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment.

As a result of the incident which is the subject of this litigation, SSG Waln-Johnson was the subject of an Article 15 Action and non-judicial punishment proceedings. As described in the Little Declaration filed by Defendant on May 2, 2007:

> On June 9, 006, Lieutenant Colonel Leslie M. Claravall, 374th Medical Operations Squadron commander, offered Non-Judicial Punishment (UCMJ, Article 15) to SSgt Waln-Johsnon for violations of UCMJ, Article 128, assault (for unlawfully shoving Mrs. Matticola on the back with her hand), and UCMJ, Article 92, dereliction of duty (for disclosing Mrs. Matticola had a STD).

Little Declaration at ¶ 2.

During the course of these proceedings, SSG Waln-Johnson filed a written statement in response to the Article 15 Action. Little Declaration at ¶ 3. After being found guilty of illegally disclosing Ms. Matticola's medical condition, punishment was imposed in the Article 15 Action. Thereafter, Waln-Johnson filed a written statement appealing the punishment. Little Declaration at ¶ 3. These two documents comprise the Waln-Johnson Statements attached as Exhibits A and B to the Little Declaration.

In Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment,

2

Defendant relies extensively on the two Waln-Johnson Statements as grounds for its argument that Plaintiff's Motion for Partial Summary Judgment should be denied. However, neither of the two Waln-Johnson Statements are affidavits or sworn statements. As such, both documents clearly violate the requirements of Fed. R. Civ. P. 56(e).

Defendant has attempted to bypass the strict requirements of Fed. R. Civ. P. 56 by attaching the Waln-Johnson Statements as Exhibits A and B to the Little Declaration. The Little Declaration identifies the two Waln-Johnson Statements and then quotes their contents. Such contents are thereafter relied upon by Defendant in its Opposition brief. Yet it is imperative to note that, as is clear from the face of the Little Declaration, Captain Little possesses no personal knowledge whatsoever of the events surrounding the incident that is the subject of this litigation. Therefore, the Little Declaration and the two unsworn Waln-Johnson Statements attached to it as Exhibits A and B, clearly constitute insufficient grounds under Fed. R. Civ. P. 56(e) to defeat Plaintiff's Motion for Partial Summary Judgment.

Because the two Waln-Johnson Statements are not sworn affidavits or the equivalent thereof, they should thus be stricken under Fed. R. Civ. P. 12(f) and 56(e).

*Conclusion*

For the foregoing reasons, Plaintiff's Motion to Strike should be granted. In the alternative, the Court should strike the affidavits on its own initiative.

Respectfully submitted,

David P. Sheldon (446039)
Law Offices of David P. Sheldon, PLLC
Barracks Row
512 8th Street, S.E.
Washington, DC 20003
(202) 546-9575

*Attorney for Plaintiff*

June 29, 2007