UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHRISTINE L. MATTICOLA,

    Plaintiff,

     v.                                                    Civil Action No. 07–338 (CKK)

DEPARTMENT OF THE AIR FORCE,

    Defendant.

**ORDER**
(July 9, 2007)

Plaintiff filed her Complaint in this action on February 13, 2007, asserting a Privacy Act

claim against Defendant, the Department of the Air Force, based on the alleged release of

Plaintiff's medical information from files at the United States Air Force Base Hospital in Yokota,

Japan.  On March 19, 2007–before Defendant answered or otherwise responded to Plaintiff's

Complaint–Plaintiff filed a [4] Motion for Partial Summary Judgment on the issue of liability.

Defendant answered Plaintiff's Complaint on May 1, 2007 and, on May 2, 2007, filed an

Opposition to Plaintiff's Motion for Partial Summary Judgment or Alternatively, a [14] Motion

for a Continuance pursuant to Federal Rule of Civil Procedure 56(f).  Plaintiff filed her [13]

Reply in support of her Motion for Partial Summary Judgment on June 6, 2007, along with her

own Declaration in support of that Reply.  Thereafter, Defendant filed a [16] Motion to Strike In

Part Plaintiff's Declaration on June 18, 2007 and, on June 29, 2007, Plaintiff filed a [19] Motion

to Strike Exhibits proffered by Captain Kyle W. Little in his Declaration (hereinafter the "Little

Declaration") in support of Defendant's Opposition.

Based upon a searching review of the foregoing pleadings and the relevant statutes and

case law, the Court concludes that Plaintiff's Motion for Partial Summary Judgment is premature

because no discovery has been conducted in this matter. Furthermore, the Court notes that

Plaintiff's Motion for Partial Summary Judgment completely fails to comply with Local Civil

Rules 7(h) and 56.1. Accordingly, the Court shall DENY WITHOUT PREJUDICE Plaintiff's

[4] Motion for Partial Summary Judgment pursuant to Federal Rule of Civil Procedure 56(f) and

for failure to comply with Local Civil Rules 7(h) and 56.1. Plaintiff may re-file her Motion for

Partial Summary Judgment, if she so chooses, upon the completion of discovery in this matter,

provided that she complies with Local Civil Rules 7(h) 56.1. In light of the Court's denial of

Plaintiff's Motion for Partial Summary Judgment, Defendant's [14] Motion for a Continuance

pursuant to Federal Rule of 56(f) is DENIED AS MOOT. Moreover, as the parties will be

required to re-brief Plaintiff's Motion for Partial Summary Judgment following discovery, the

Court shall DENY AS MOOT Defendant's [16] Motion to Strike In Part Plaintiff's Declaration

and Plaintiff's [19] Motion to Strike Exhibits A and B to the Little Declaration.

## DISCUSSION

A.    *Plaintiff's Motion for Partial Summary Judgment is Denied Without Prejudice
      Pursuant to Federal Rule of Civil Procedure 56(f)*

Summary judgment "ordinarily 'is proper only after the plaintiff has been given adequate

time for discovery.'" *Americable Int'l, Inc. v. Dep't of Navy*, 129 F.3d 1271, 1274 (D.C. Cir.

1997) (quoting *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1380 (D.C. Cir. 1988)).

Under Federal Rule of Civil Procedure 56(f), a court "may deny a motion for summary judgment

or order a continuance to permit discovery if the party opposing the motion adequately explains

why, at that timepoint, it cannot present by affidavit facts needed to defeat the motion." *Strang v.*

*United States Arms Control & Disarmament Agency*, 864 F.2d 859, 861 (D.C. Cir. 1989);

*Londrigan v. Fed. Bureau of Investigation*, 670 F.2d 1164, 1175 (D.C. Cir. 1981). "[T]he purpose of Rule 56(f) is to prevent 'railroading' the non-moving party through a premature motion for summary judgment before the non-moving party has had the opportunity to make full discovery." *Dickens v. Whole Foods Market Group, Inc.*, Civ. No. 01-1054, 2003 WL 21486821, at *2 n.5 (D.D.C. Mar. 18, 2003) (citing *Celotex Corp.*, 477 U.S. at 326, 106 S. Ct. 2548). The district court has discretion in determining whether it should permit additional discovery before the motion for summary judgment is resolved. *Stella v. Mineta*, 284 F.3d 135, 147 (D.C. Cir. 2002).

A party seeking the protection of Rule 56(f) "must state by affidavit the reasons why he is unable to present the necessary opposing material." *Cloverleaf Standardbred Owners Ass'n, Inc. v. Nat'l Bank of Washington*, 699 F.2d 1274, 1278 n.6 (D.C. Cir. 1983); *but see First Chicago Int'l*, 836 F.2d at 1380 (holding that filing an affidavit is not essential to preserve Rule 56(f) contention as long as the district court was alerted to the need for further discovery). The party seeking additional discovery bears the burden of identifying the facts to be discovered that would create a triable issue and the reasons why the party cannot produce those facts in opposition to the motion. *Byrd v. Envtl. Prot. Agency*, 174 F.3d 239, 248 n.8 (D.C. Cir. 1999). It must also show a reasonable basis to suggest that discovery might reveal triable issues of fact. *Carpenter v. Fed. Nat'l Mortgage Ass'n*, 174 F.3d 231, 237 (D.C. Cir. 1999).

Defendant's Rule 56(f) Motion asserts that Defendant has been hampered in obtaining documents necessary to oppose Plaintiff's Motion for Partial Summary Judgment because the events at issue in Plaintiff's Complaint occurred in Japan. Pl.'s Opp'n at 10. Defendant also notes that the individual alleged to have wrongfully released Plaintiff's medical information (Staff Sergeant Troi Waln-Johnson), who will need to be deposed in this matter, was thought to

be living in South Dakota and has only been recently located in Chandler, Arizona. *Id.* at 10-11.

Finally, Defendant claims that Plaintiff will need to be deposed regarding information solely in

her possession. *Id.* at 11. Defendant supports its Rule 56(f) Motion with the Declaration of

Captain Kyle W. Little, the Trial Attorney with the Air Force Legal Operations Agency who is

detailed as Agency Counsel in this case. *See* Little Decl. ¶ 1. Captain Little avers that he has

requested various records and documents from the Civil Law Chief at the Yokota Air Base in

Japan, *id.* ¶ 2, and further asserts that SSgt Waln-Johnson has been located in Arizona, *id.* ¶ 5.

While Captain Little's Declaration does not provide great detail as to the facts to be

discovered in this case, the Court notes that no discovery whatsoever has occurred in this case.

Defendant's Opposition and Rule 56(f) Motion make clear that discovery is necessary before

Plaintiff's Motion for Partial Summary Judgment may be resolved. Specifically, Plaintiff's sole

support for her Motion for Partial Summary Judgment is her own Declaration regarding the

events alleged in her Complaint. *See* Matticola Decl. ¶ 5. Defendant is certainly entitled to test

Plaintiff's assertions through discovery before being forced to respond to Plaintiff's Motion for

Partial Summary Judgment. *Dickens*, 2003 WL 21486821, at *2 n.5 ("[T]he purpose of Rule

56(f) is to prevent 'railroading' the non-moving party through a premature motion for summary

judgment before the non-moving party has had the opportunity to make full discovery."). The

Court therefore concludes that Plaintiff's Motion for Partial Summary Judgment must be denied

without prejudice in order to allow Defendant to conduct discovery in this action.

> B.      *Alternatively, Plaintiff's Motion for Partial Summary Judgment is Denied Without
>         Prejudice For Failure to Comply With Local Civil Rules 56.1 and 7(h)*

Local Civil Rule 56.1 provides, in relevant part, "[e]ach motion for summary judgment

shall be accompanied by a statement of material facts as to which the moving party contends

there is no genuine issue, *which shall include references to the parts of the record relied on to support the statement*." LCvR 56.1 (formerly known as Local Rule 108(h) (emphasis added).[1] As the D.C. Circuit has emphasized, "[LCvR 56.1] places the burden on the parties and their counsel, who are most familiar with the litigation and the record, to crystallize for the district court the material facts and relevant portions of the record." *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 151 (D.C. Cir. 1996) (citing *Twist v. Meese*, 854 F.2d 1421, 1425 (D.C. Cir. 1988); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992)).  Because of the significance of this task and the potential hardship placed on the court if parties are derelict in their duty, courts require strict compliance with LCvR 56.1. *See id*. at 150 (citations omitted).  Furthermore, the Court's March 6, 2007 Order Establishing Procedures for Electronic Filing specifically advises the parties "that they are to comply **fully** with Local Rule LCvR 7(h) (formerly 7.1(h)) and 56.1" and that the "Court strictly adheres to the dictates of Local Civil Rules 7(h) and 56.1 and may strike pleadings not in conformity with these rules." *Matticola v. Dep't of the Air Force*, Civil Action No. 07-338, Order (D.D.C. Mar. 6, 2007).

Plaintiff's accompanies her Motion for Partial Summary Judgment with a Statement of Material Facts as to which she contends there are no material issues.  However, that Statement is

---

[1] The remainder of Local Civil Rule 56.1 provides:

> An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement. . . .  In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

LCvR 56.1.

entirely devoid of references to the parts of the factual record on which Plaintiff relies as support

for her assertions (perhaps because no factual record yet exists in this matter). *See* Pl.'s Stmt. of

Mat'l Facts. Moreover, the Declaration that Plaintiff submitted in support of her Reply

memorandum likewise does not cite to any factual evidence to support her factual assertions.

*See* Matticola Decl. Plaintiff's Motion for Partial Summary Judgment thus fails to comply with

Local Civil Rules 7(h) and 56.1, as well as with this Court's March 6, 2007 Order.

Accordingly, it is this 9th day of July, 2007, hereby

**ORDERED** that [4] Plaintiff's Motion for Partial Summary Judgment is DENIED

WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 56(f) and for failure to

comply with Local Civil Rules 7(h) and 56.1; it is further

**ORDERED** that Defendant's [14] Motion For a Continuance pursuant to Federal Rule of

Civil Procedure 56(f) and [17] Unopposed Motion for Extension of Time to File Reply are

DENIED AS MOOT; it is further

**ORDERED** that Plaintiff may re-file her Motion for Partial Summary Judgment after

discovery in this matter, provided that she fully complies with Local Civil Rule 7(h) and 56.1.

As the parties will be required to re-brief Plaintiff's Motion for Partial Summary Judgment,

Defendant's [16] Motion to Strike in Part Plaintiff's Declaration and [19] Plaintiff's Motion to

Strike Exhibits A & B to the Little Declaration are DENIED AS MOOT; it is further

**ORDERED** that the parties shall appear for an Initial Scheduling Conference in this

matter at 9:15 a.m. on Tuesday, August 7, 2007 in Courtroom 28A of the Sixth Floor of the

Courthouse Annex.  A separate scheduling order shall follow.

**SO ORDERED.**

*/s/*
COLLEEN KOLLAR-KOTELLY
United States District Judge